IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **ALLISON LUMPKIN** and **MALLORY BOWLIN**, *Individually, on behalf of themselves and on behalf of others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> **CASH EXPRESS, LLC,** *a Tennessee Limited Liability Company,* and **GARRY MCNABB**, *Individually,* <br><br> Defendants. | Case No. _____ <br><br> **JURY TRIAL DEMANDED** <br> **FLSA Opt-In Collective Action** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs Allison Lumpkin and Mallory Bowlin ("Plaintiffs"), individually, and on behalf of all other similarly situated nonexempt hourly-paid employees of Cash Express, LLC and Garry McNabb (together, "Cash Express" or "Defendants"), by and through counsel, bring claims for overtime violations as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") against Defendants. Plaintiffs, upon information and belief and based upon the investigation made by counsel, allege as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

1

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Cash Express, LLC's headquarters is located in this District and it conducts business in this District. In addition, the events, commissions, inactions and omissions giving rise to the claims pleaded in this Collective Action Complaint occurred within this District.

## II. PARTIES

3. Plaintiff Lumpkin has been, at all material times, a resident of Tennessee and worked as hourly-paid non-exempt Manager for Defendants at their Rogersville, Tennessee Cash Express location during the three (3) year period immediately preceding the filing of this Collective Action Complaint (hereinafter "Violation Period"). Plaintiff Lumpkin's Consent to Join this Collective Action as a Named Representative Plaintiff is attached hereto as *Exhibit A*.

4. Plaintiff Bowlin has been, at all material times, a resident of Tennessee and worked as hourly-paid non-exempt Assistant Manager for Defendants at their Mount Carmel, Tennessee Cash Express location during the three (3) year period immediately preceding the filing of this Collective Action Complaint (hereinafter "Violation Period"). Plaintiff Bowlin's Consent to Join this Collective Action as a Named Representative Plaintiff is attached hereto as *Exhibit B*.

5. Plaintiffs were "employees" as defined by the FLSA and worked as an hourly-paid nonexempt employees for Cash Express during the Violation Period.

6. Defendant Cash Express, LLC is a Tennessee for-profit limited liability company with its principal address being 345 S Jefferson Ave., Suite 403, Cookeville, Tennessee 38501-5147. Cash Express, LLC is a check cashing nontraditional financial institution. Cash Express, LLC is an employer, as defined in 29 U.S.C. § 203(d) and can be served process

2

Case 2:23-cv-00003   Document 1   Filed 01/20/23   Page 2 of 11 PageID #: 2

via its registered agent and Owner: Garry McNabb, 345 S Jefferson Ave., Suite 403, Cookeville, Tennessee 38501-5147.

7. Defendant Garry McNabb is an Owner, Member and Key Principal of Defendant Cash Express, LLC. Defendant McNabb exercised operational control over Cash Express, LLC during the Violation Period and upon information and belief instituted the pay scheme and practice that it the crux of this lawsuit. Defendant McNabb can be served at 345 S Jefferson Ave., Suite 403, Cookeville, Tennessee 38501-5147.

### III. COVERAGE

8. The above-named Defendants operate a privately held, check cashing and nontraditional financial institution named Cash Express. Cash Express offers a variety of services including but not limited to flex loans, payday loans, installment loans, title loans, check cashing, pawn loans and cash for gold. Cash Express owns and operates retail banking locations throughout Tennessee, Kentucky, North Alabama and North Mississippi.

9. Defendants are an integrated enterprise as that term is defined by 29 U.S.C. § 201(r) because their related activities which are performed through unified operations of common control are for a common business purpose.

10. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees

engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times material to this action, Plaintiffs and those similarly situated, as employees of Defendants, were engaged in commerce during all times material to this collective action.

14. At all times material to this action, Defendants have been the "employer" of Plaintiffs and those similarly situated, as that term is defined by §203(d) of the FLSA.

15. At all times hereinafter mentioned, Plaintiffs and those similarly situated have been "employees" of Defendants as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## IV. FACTUAL BACKGROUND

16. Cash Express classified all putative class members as non-exempt under the FLSA and paid them an hourly rate. Plaintiffs shared the same or similar compensation and other work-related plans, policies and practices with the putative class.

17. Plaintiffs and the putative class were typically scheduled to work at least forty (40) hours or more per week, but routinely worked additional hours, including overtime hours in excess of forty (40) hours per week.

**Cash Express Did Not Properly Pay Their Covered Employees.**

18. Plaintiffs and other similarly situated employees were not paid one-and one half time times their regular rate of pay for all time worked in excess of forty (40) hours per workweek, as required by the FLSA.

19. Plaintiff and other similarly situated employees received non-discretionary bonuses for meeting performance goals and quotas, however, these non-discretionary bonuses were not used in the calculation of the regular rate for the purposes of calculating the proper overtime rate of pay.[1]

20. The failure to include these non-discretionary bonuses in the calculation regular rates resulted in the underpayment of overtime payments. *See* 5 C.F.R. §551.514.

21. Instead, Cash Express paid Plaintiffs and other similarly situated employees one and one half (1½) times their regular *straight-time* rate of pay for all overtime hours worked.

22. The net effect of Cash Express's common plan, policy and practice of failing to pay Plaintiffs and other similarly situated employees all overtime pay, was a scheme to save payroll costs and payroll taxes for which Cash Express have unjustly enriched themselves and have enjoyed ill gained profits at the expense of Plaintiffs and other similarly situated members of the class.

23. Cash Express's common plans, policies and practices of failing to compensate Plaintiffs and other similarly situated covered employees for all overtime hours at the required overtime rate and therefore violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1). As

---

[1] Bonuses paid to Plaintiff and class members were based on a predetermined formula and, upon information and belief, included both individual or group production and performance bonuses.

5

Case 2:23-cv-00003   Document 1   Filed 01/20/23   Page 5 of 11 PageID #: 5

a result of Cash Express's unlawful practices, they benefited from reduced labor and payroll costs.

24. As a result of Cash Express's improper and willful failure to pay Plaintiffs and other similarly situated employees in accordance with the requirements of the FLSA, they have suffered lost wages, overtime compensation and other damages.

## IV. FLSA COLLECTIVE ACTION ALLEGATIONS

25. Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

26. The proposed collective class of similarly situated persons is defined as:

> All current and former nonexempt hourly paid employees of Cash Express who worked for at least one full workweek during the three (3) year period immediately preceding the filing of this Collective Action Complaint.

27. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the members of the collective class with respect to Cash Express's common plans, policies and practices of failing to pay them compensation at one-and one-half times their regular hourly rate of pay for all such overtime work in excess of forty (40) per week within weekly pay periods during the Violation Period.

28. Cash Express required, forced, induced, encouraged, expected and, suffered or permitted, Plaintiffs and other similarly situated employees to work hours during weekly pay periods of the Violation Period without full compensation and, to work more than forty (40) hours per week during weekly pay periods of the Violation Period, without being paid all overtime compensation, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

29. Cash Express knew Plaintiffs and other similarly situated employees' work, as described above, required additional overtime compensation to be paid them. Nonetheless, Cash Express operated under the aforementioned centralized and common plans, policies and practices (schemes) to deprive Plaintiffs and other similarly situated covered employees of wages and overtime compensation as required by the FLSA.

30. Plaintiffs believe the definition of the class could be further refined following discovery of Cash Express's records.

31. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

32. Plaintiff's claims are typical of the claims of the class. Plaintiff and the other members of the class who work or have worked for Cash Express are and were subject to its same and common operational, compensation and timekeeping plans, policies and practices, including Cash Express's common plan, policy and practice of miscalculating the overtime rates of pay.

33. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were expected, induced and/or required to work without being compensated at the necessary overtime rate of pay;

- Whether Cash Express suffered and permitted Plaintiffs and other members of the class to work without being compensated at the necessary overtime rate of pay within weekly pay periods during the relevant statutory limitations' period;

- The correct statutes of limitations;

- Whether Plaintiffs and other members of the class are entitled to damages from Cash Express, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Cash Express is liable for interest, attorneys' interest, fees, and costs to Plaintiffs and other class members;

34. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and, they have retained competent counsel who are experienced in FLSA collective action litigation.

35. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the previously described unlawful policies, practices, and procedures implemented and administered by Cash Express.

36. Cash Express's conduct, as alleged herein, was willful and has caused significant damage and loss of wages and overtime compensation to Plaintiffs and other similarly situated covered employees. Cash Express lacked a good faith basis for their failure to pay Plaintiffs and class members all overtime compensation lawfully due.

37. Cash Express is liable under the FLSA for failing to properly compensate Plaintiffs and other similarly situated covered employees. Plaintiffs request the Court to authorize notice to the members of the collective class, to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

38. Plaintiffs estimate there are approximately several hundred members of the collective class. The precise number of collective class members can be easily ascertained by using Cash Express's payroll and personnel records. Given the composition and size of the class,

members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Cash Express's retail locations.

## COUNT I
## COLLECTIVE ACTION VIOLATIONS

39. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

40. Plaintiffs and other members of the class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

41. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

42. Plaintiffs and other similarly situated employees of Cash Express regularly performed work duties without being compensated at the FLSA's required overtime rate during weekly pay periods of the Violation Period.

43. Through their common plans, policies, practices and actions, Cash Express violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and other similarly situated individuals for all overtime hours worked at the appropriate rates.

44. The unpaid wage claims of Plaintiffs and other similarly situated employees are unified through a common theory of FLSA violations.

45. The foregoing actions of Cash Express violated the FLSA.

46. Cash Express's actions were willful and not in good faith.

47. As a direct and proximate cause of Cash Express's unlawful conduct, Plaintiffs and other similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

48. Cash Express is liable to Plaintiffs and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the class demand that the Court enter judgment in their favor on this Collective Action Complaint and:

a. Award judgment in favor of Plaintiffs and other similarly situated employees against Cash Express for an amount equal to Plaintiffs' and collective action members' unpaid back wages pursuant to the applicable wage and overtime rates;

b. For certification of and notice to the collective class as further defined and determined by motions practice;

c. Find and declare that Cash Express's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

d. Award Plaintiffs and members of the collective class liquidated damages in accordance with the FLSA;

e. Award prejudgment interest (to the extent that liquidated damages are not awarded);

f. Award Plaintiffs and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Cash Express, in accordance with the FLSA;

g. Award post-judgment interest and court costs as further allowed by law;

h. Provide additional general and equitable relief to which Plaintiffs and the class may be entitled;

i. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: January 20, 2023.                    Respectfully Submitted,

*s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Plaintiff
and those similarly situated*